[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12429
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20186-MGC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHYNITA TOWNSEND,
a.k.a. Shynita Townsend-Ponton,
a.k.a. La Negra,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 21, 2012)

Before TJOFLAT, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Shynita Townsend, proceeding *pro se*, appeals the district court's denial of her motion for a new trial based on newly discovered evidence under Fed.R.Crim.P. 33.  On appeal, Townsend argues that the district court abused its discretion in denying her motion without holding an evidentiary hearing after she presented evidence of "extrinsic contact" between a juror and a witness.  For the reasons set forth below, we affirm the denial of Townsend's motion for a new trial.

I.

A federal grand jury issued a four-count superceding indictment, charging Townsend with (1) knowingly and corruptly accepting a thing of value, as an agent of a local government in violation of 18 U.S.C. § 666(a)(1)(B); (2) acting as an accessory after the fact, knowing that a crime against the United States had been committed in violation of 18 U.S.C. § 3; (3) obstruction of justice in violation of 18 U.S.C. § 1512(c)(1); and (4) obstruction of justice in violation of 18 U.S.C. § 1512(c)(2).  Prior to her indictment, Townsend was a corrections officer in Miami-Dade County, and her charges arose out of her supervision of an individual who was on pretrial release.

After a jury trial, on November 24, 2008, Townsend was convicted of all counts, and on May 19, 2009, the district court sentenced her to concurrent 45-

2

month terms on each count.[1]  On December 24, 2008, through counsel, Townsend filed a motion for a judgment of acquittal, or alternatively, for a new trial, challenging the sufficiency of the evidence to support her convictions.  The district court denied the motion.  She appealed her convictions, again challenging, among other things, the sufficiency of the evidence to support her convictions, and on January 13, 2011, we affirmed her convictions.  *See United States v. Townsend*, 630 F.3d 1003, 1009-15 (11th Cir.), *cert. denied.,* 131 S.Ct. 2472 (2011).

On September 7, 2011, Townsend filed the instant *pro se* "Motion for New Trial[,] Motion for Appointment of Counsel[,] Motion for Evidentiary Hearing[,] Motion for Post-Trial Juror Contact and Subpoena of Juror."  Her motion was based on "newly discovered evidence of juror misconduct/jury tampering" in violation of her right to an impartial jury.  Specifically, after the guilty verdict, DeAngelus Gibson, a defense witness, admitted to "having discussed the case with a juror during deliberations."  Specifically, Gibson told Townsend:

> I thought for sure you would be found innocent because I talked with one of the jurors about the case—the elderly black man.  We were in the bathroom at the same time and he [the juror] said, 'Those white folks know that lady is innocent, but just want to find a black person guilty.  We are kinda bored and tired and don't feel like arguing with them.  We are trying to get home to prepare for Thanksgiving.'

---

[1] On October 26, 2012, Townsend completed her sentence and was released from incarceration.

3

Gibson did not indicate how this conversation was initiated or provide information regarding any statements that Gibson made during the encounter.

Townsend argued that an evidentiary hearing was required to establish "the totality of the circumstances" before the district court. Further, the extrajudicial contact between a witness and a juror, during deliberations, denied Townsend a fair and impartial verdict. Specifically, the witness and the juror had an improper discussion about the case, which shows "juror misconduct" because the juror violated a court order by deliberating with a non-juror. Additionally, Gibson may have tried to influence the jury verdict to Townsend's detriment. The juror's statements to Gibson also raised the issue of racial prejudice of other jurors, and showed that the other jurors were considering "the outside influence of a holiday to bring about a speedy verdict." Gibson, as Townsend's "friend," may have "advocated on []behalf of [Townsend] and caused her to be found guilty."

In support of her motion, Townsend submitted a signed affidavit, reasserting her claims and restating the juror's alleged statements to Gibson.

The district court denied Townsend's motion for a new trial as well as her requests for appointment of counsel, an evidentiary hearing, and a subpoena of the juror. The district court found that Townsend's affidavit clearly indicated that she knew of the alleged juror misconduct for almost three years before seeking a new

4

trial. Thus, Townsend was unable to establish that the information in her motion was "new or newly discovered." According to Townsend's affidavit, she learned of the alleged misconduct "around November 2008," but she failed to mention the misconduct in her December 2008 motion for a new trial or in her direct appeal. Instead, Townsend waited almost three years to file a motion for a new trial based on evidence that was "not new or newly discovered." Finally, although Townsend alleged juror misconduct, she did not submit an affidavit from any witness to support her claim.

## II.

We review for abuse of discretion the district court's denial of a motion for a new trial based on juror misconduct and the denial of an evidentiary hearing. *United States v. Siegelman*, 640 F.3d 1159, 1181 (11th Cir. 2011), *cert. denied* 132 S.Ct. 2711 (2012); *United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir.1996). A motion for new trial based on juror misconduct is a form of a motion for new trial based on newly discovered evidence. *United States v. Calderon*, 127 F.3d 1314, 1351 (11th Cir. 1997). We may affirm the district court's decision on any ground supported by the record. *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012), *cert. denied*, (U.S. Oct. 1, 2012) (No. 12-5074).

Rule 33 provides that "the court may vacate any judgment and grant a new

trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). A motion for a new trial grounded on newly discovered evidence must be filed within three years after the verdict or finding of guilt. Fed.R.Crim.P. 33(b)(1). However, "[m]otions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution. Indeed, the defendant bears the burden of justifying a new trial." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir.2006) (en banc ) (citation omitted).

With respect to new-trial motions based on juror misconduct during deliberations, the Supreme Court has recognized "a near-universal and firmly established common-law rule *flatly prohibiting* the use of juror testimony to impeach a verdict." *Siegelman*, 640 F.3d at 1185. Federal Rule of Evidence 606(b) codifies this long-standing common law rule. *Tanner v. United States*, 483 U.S. 107, 121, 107 S.Ct. 2793, 2748, 97 L.Ed.2d 90 (1987). In its codified form, the rule generally provides that:

> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

Fed.R.Evid. 606(b)(1). However, Rule 606(b)(2) provides exceptions to this rule,

6

stating that a juror may testify about whether: (1) extraneous prejudicial information was improperly brought to the jury's attention; (2) an outside influence was improperly brought to bear on any juror; or (3) a mistake was made on the verdict form.  Fed.R.Evid. 606(b)(2).

Further, the district court has the discretion to decide a motion for a new trial without a hearing.  *United States v. Schlei*, 122 F.3d 944, 994 (11th Cir.1997) ("[T]he acumen gained by a trial judge over the course of the proceedings" makes the same judge "well qualified" to rule on a motion for a new trial based on new evidence without an evidentiary hearing.).  In *United States v. Slocum*, 708 F.2d 587 (11th Cir.1983), we stated:

> [W]e find ourselves in agreement with the decision on the merits of the new trial motion and where the defendants failed to file even an affidavit by [ ] the person whose post-trial statement clearly came the closest to requiring a new trial, we hold that the trial court did not abuse its discretion in denying the motion without an evidentiary hearing.

*Id.* at 600.  "No per se rule requires the trial court to investigate the internal workings of the jury" after an allegation of juror misconduct, and the "more speculative or unsubstantiated the allegation of misconduct, the less the burden to investigate."  *United States v. Cuthel*, 903 F.2d 1381, 1382-83 (11th Cir. 1990).

As an initial matter, although Townsend requests counsel in her appeal

7

brief, she did not file a separate motion for appointment of appellate counsel and her brief does not provide any supporting arguments to justify appointment of counsel. As such, she appears to have abandoned her request for counsel. *See United States v. Woods*, 684 F.3d 1045, 1064 n.23 (11th Cir. 2012) (holding that an issue was abandoned where the appellant failed to develop any argument on the issue in the initial appeal brief). Regardless, because Townsend suggests that counsel is necessary to investigate an "ineffective assistance" claim, her request for counsel does not appear to be relevant to the instant appeal of the denial of her motion for a new trial.

In light of the "highly disfavored" nature of new-trial motions based on newly discovered evidence, *see Campa*, 459 F.3d at 1151, the district court did not abuse its discretion in denying Townsend's Rule 33 motion. As noted by the district court, Townsend's affidavit suggests that she discovered the allegedly new evidence—the juror's statements to Gibson—immediately after the jury verdict was issued in November 2008. However, she waited nearly three years until September 2011 to file the instant Rule 33 motion, and she provides no explanation for why she did not assert her juror misconduct claim in her December 2008 motion for a new trial or on direct appeal. Nevertheless, her instant motion was timely filed within three years of the jury verdict, and her motion was based

8

on information that she claimed to have discovered after the conclusion of trial. *See* Fed.R.Crim.P. 33(b)(1).

Regardless, we may affirm on any basis supported by the record, *see Chitwood,* 676 F.3d at 975, and here, the record established that Townsend's motion for a new trial was meritless. Specifically, Townsend did not substantiate her claims in the district court by submitting an affidavit from Gibson. Further, although she sought to subpoena the juror involved, the juror's testimony regarding internal jury deliberations or the potential "mental processes" and motivations of other jurors would have been inadmissable to impeach the verdict under Rule 606(b)(1). *See Siegelman*, 640 F.3d at 1185; Fed.R.Crim.P. 606(b)(1). Moreover, no exception to the general rule prohibiting juror testimony applied to Townsend's accusations because she did not identify any evidence suggesting that the jury was exposed to extraneous prejudicial information or that an improper outside influence impacted the jury's verdict. *See* Fed.R.Evid. 606(b)(2). Instead, according to Townsend, the juror's statements to Gibson related to racial bias of other jurors, and the impact of fatigue and an upcoming holiday on jury deliberations.

On appeal, Townsend suggests that Gibson may have influenced the jury's verdict through his contact with the juror, and that Townsend had established a

case of "jury tampering."  However, in her motion for a new trial, Townsend conceded that Gibson did not specify how the conversation between Gibson and the juror was initiated, and Gibson did not claim to have made any statements that could have influenced the juror.  Notably, Gibson was a defense witness and Townsend's "friend," which suggests that Gibson would have been unlikely to make statements to a juror that prejudiced Townsend.  In sum, Townsend's claim that Gibson's "extrinsic contact" with a juror may have improperly influenced the verdict or prejudiced Townsend was speculative and unsupported by any evidence, and as such, Townsend failed to meet her burden of justifying a new trial.  *See Campa*, 459 F.3d at 1151.

Finally, the district court did not abuse its discretion in denying Townsend's Rule 33 motion without a hearing because she did not submit an affidavit from Gibson, whose post-trial statements provided the basis for her motion.  *See Slocum*, 708 F.2d at 600.  Moreover, because the same judge presided over both Townsend's trial and her Rule 33 motion, the district court was "well qualified" to rule on the motion without a hearing.  *See Schlei*, 122 F.3d at 994.

For the foregoing reasons, we affirm the district court's denial of Townsend's motion for a new trial.

**AFFIRMED.**

10